990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jenel K. AMARAL, Plaintiff-Appellee,
v.
RUIZ FOOD PRODUCTS, INC., Defendant-Appellant.
 Nos. 91-15924, 91-16571.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 15, 1992.
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and CHOY and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Ruiz Food Products, Inc. ("Ruiz") appeals from a jury verdict in favor of Jenel K. Amaral in her Age Discrimination in Employment Act ("ADEA") suit (No. 91-15924). Ruiz contends that (1) it was denied a fair trial by the district court's disparaging comments regarding Ruiz's hiring policies, (2) the trial court's erroneous evidentiary rulings further manifested the court's bias, and (3) the district court should have granted its motion for a directed verdict because Amaral did not establish a prima facie case of age discrimination. Ruiz also appeals from the district court's award of attorney's fees to Amaral (No. 91-16571). We have jurisdiction over these timely appeals pursuant to 28 U.S.C. § 1291. We hold that the district court's conduct denied Ruiz a fair trial, and we reverse.
 
 
 3
 * In 1986, Amaral applied for a position as Personnel Manager with Ruiz. Her application showed that she was 50 years old. Ruiz received approximately 20 applications and selected five applicants to interview, all of whom were under 40 years old. Amaral was not selected for an interview. Ruiz eventually hired Ernest Moreno, who was 32. Amaral filed an ADEA claim with the Equal Employment Opportunity Commission ("EEOC") and later filed this action in district court. Following a three-day trial, the jury returned a verdict in favor of Amaral.
 
 II
 
 4
 Ruiz contends that the district court abused its discretion in denying Ruiz's motion for a mistrial based on judicial misconduct. We agree.
 
 
 5
 We review the district court's denial of a motion for a mistrial for an abuse of discretion. Shad v. Dean Witter Reynolds, Inc., 799 F.2d 525, 531 (9th Cir.1986). "District courts have broad discretion in controlling the conduct of a trial ... [and the] presentation of evidence and interrogation of witnesses." Penk v. Oregon State Bd. of Higher Educ., 816 F.2d 458, 465 (9th Cir.), cert. denied, 484 U.S. 853 (1987). The standard for reversal in a civil trial is high: judicial misconduct requires reversal only if the misconduct rendered the trial unfair. Id.; Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1289 (9th Cir.1984), cert. denied, 469 U.S. 1190 (1985).
 
 
 6
 Litigants are entitled to a trial before a fair and impartial tribunal. Shad, 799 F.2d at 531. Comments by a judge require reversal if the judge expresses his opinion on an ultimate issue of fact in front of the jury or argues for one of the parties. Pau v. Yosemite Park & Curry Co., 928 F.2d 880, 885 (9th Cir.1991); Kern v. Levolor Lorentzen, Inc., 899 F.2d 772, 779 (9th Cir.1990). Similarly, a trial judge may not distort or add to the evidence. White v. City of Norwalk, 900 F.2d 1421, 1426 (9th Cir.1990). "The ultimate question is whether the judge ... made it clear to the jury that all matters of fact [we]re submitted to their determination." Id. at 1426.
 
 
 7
 In contrast, reversal is not required if the judge emphasizes the evidence or expresses skepticism, provided the witness has an opportunity to respond. Pau, 928 F.2d at 885. We will reverse for "excessive judicial intervention only if the record discloses actual bias or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." Shad, 799 F.2d at 531 (quotation omitted).
 
 
 8
 Our review of this record leaves us with "an abiding impression" that the trial judge's remarks manifested bias and rendered the trial unfair. See id.; Handgards, Inc., 743 F.2d at 1289. The judge's bias was manifested in his examination of two witnesses and several of his evidentiary rulings.
 
 
 9
 First, the trial judge interrupted Amaral's examination of Tom Coleberry, Ruiz's executive vice president and general manager, who was discussing Ruiz's policy of not hiring managerial applicants from employment agencies. The judge stated in part that the policy "was the most senseless thing I have ever heard" and asked Coleberry to "[g]ive me some good, logical reason" for the policy. The judge further stated that "[f]rankly I find this testimony absolutely incredible, that you would make such a decision and hold the responsible job that you have." The judge later interrupted Ruiz's examination of Coleberry regarding this policy and stated that "I'm ruling as a matter of law that [the policy] ... shows a bias and prejudice against a whole group of people in this country, and I shall direct the jury to consider it as such." When defense counsel asked to be heard outside the presence of the jury and objected that the judge's concern was irrelevant to the issue of age discrimination, the judge told him to put it in writing. The judge then stated that Ruiz had a bias against employment agencies and a bias against former union stewards and that "whether or not that makes out a case for age discrimination, that's for the jury to determine ... and take ... into account in giving any credence to his testimony." The judge, in examining Coleberry, referred several times to his testimony about the policy as an "excuse" and called him "the most aggravating witness I have ever seen in my life in twelve years in this courtroom." In calling for a noon recess, the judge stated that "I have heard about as much as I can stand." In addition, the judge would not allow Coleberry to further explain the reasons for the policy.
 
 
 10
 Second, the judge interrupted defense counsel's examination of owner Fred Ruiz and stated at length that Ruiz's policy of excluding applicants from employment agencies was the same as excluding applicants who were black, Jewish, Catholic, or female. The judge curtailed Ruiz's attempts to explain the policy. Moreover, when defense counsel objected to the judge's line of questioning, the judge threatened him with contempt.
 
 
 11
 Finally, the court made several evidentiary rulings regarding expert testimony and evidence on other candidates' qualifications. Evidentiary rulings are committed to the district court's sound discretion and will not be reversed on appeal unless the court's erroneous ruling "more likely than not affected the verdict." United States v. Yin, 935 F.2d 990, 994 (9th Cir.1991). Here, the district court's rulings, had it not been for its remarks and questioning of witnesses, probably would not have constituted grounds for reversal. In the context of the entire trial, however, the district court's rulings appear as part of a pattern of discrediting Ruiz's case and directing the outcome of the trial. The rulings, the district court's remarks and questioning of Ruiz and Coleberry, and the absence of a fair opportunity for Ruiz and Coleberry to respond to the court's criticism of their testimony leave us with "an abiding impression ... [of] an appearance of advocacy or partiality." Shad, 799 F.2d at 531 (quotation omitted). The district court's statement to the jury that it was free to disregard its comments was not sufficient to cure the error. Accordingly, we conclude that Ruiz was denied a fair trial. See Handgards, Inc., 743 F.2d at 1289.
 
 
 12
 Ruiz asks that the case be remanded to a different judge. Remand to a different judge is granted only in "unusual circumstances." Davis & Cox v. Summa Corp., 751 F.2d 1507, 1523 (9th Cir.1985). In making this determination, we consider
 
 
 13
 (1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.
 
 
 14
 Id. (quotation omitted). Under the circumstances of this case, we believe that that the interests of justice will be furthered by the assignment of the case to another judge to try the case on remand.
 
 III
 
 15
 Ruiz urges reversal on the additional ground that the district court should have granted its motion for a directed verdict because Amaral failed to demonstrate that she was qualified for the job and thus did not establish a prima facie case of age discrimination. We decline to reverse on these grounds. The case was a close one, and arguably Amaral's qualifications differed from Moreno's. There was conflicting evidence regarding the qualifications for the job, however, and we cannot say on this record, viewing the evidence before us in the light most favorable to Amaral, that the jury could not have reasonably concluded that Amaral was qualified for the job. See Waits v. Frito-Lay, Inc., 978 F.2d 1093, 1105 (9th Cir.1992), cert. denied, 113 S.Ct. 1047 (1993); Cotton v. City of Alameda, 812 F.2d 1245, 1248 (9th Cir.1987).
 
 IV
 
 16
 In light of our reversal and remand of this case, we vacate the award of attorney's fees because Amaral is not the prevailing party. See Hopkins v. City of Sierra Vista, 931 F.2d 524, 529 (9th Cir.1992). Similarly, neither party is entitled to fees for this appeal. See id.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3